# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. LOPEZ, | ) | CASE NO. 8:08CV443 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 9.) In support of its Motion, Respondent filed a Brief, Reply Brief, and State Court Records. (Filing Nos. 8, 10, and 14.) Petitioner James E. Lopez ("Lopez") filed a Response, Declaration, and Motion to Overrule Respondent's Motion for Summary Judgment. (Filing Nos. 13, 15, and 16.)

Liberally construing the allegations of Lopez's Petition for Writ of Habeas Corpus ("Petition") (Filing No. 1), he argues that the Petition should be granted because:

1. Lopez's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea because Lopez pled based on his belief that Counts I and III "would run concurrent and sentences [would be] consolidated."

2. Lopez's conviction was obtained by a violation of the protection against double jeopardy because Counts I and III constitute "one continuous offense that follows one after another" and the trial judge failed to consider facts supporting this claim.

(Filing No. 5 at CM/ECF p. 1.)

## I. BACKGROUND

Lopez pled guilty to one count of unlawful manufacturing of a controlled substance and one count of possession of a controlled substance.[1] (Filing No. 1 at CM/ECF p. 1.) On September 27, 2007, Lopez was sentenced to serve three to five years in prison on the unlawful manufacturing count and 20 to 48 months in prison on the possession count. (Filing No. 8-3, Attach. 2, at CM/ECF p. 1.) Lopez filed a timely direct appeal. (Filing No. 8-4, Attach. 3, at CM/ECF p. 2.) However, on January 16, 2008, Lopez sought to voluntarily dismissed his direct appeal prior to briefing and the Nebraska Court of Appeals permitted the dismissal on January 18, 2008. (*Id.*)

On April 3, 2008, Lopez filed a verified motion for post-conviction relief ("Post Conviction Motion") in the District Court of Douglas County, Nebraska. (Filing No. 8-6, Attach. 5, at CM/ECF pp. 1-3.) The Douglas County, Nebraska District Court denied the Post Conviction Motion on April 16, 2008, because Lopez did not "allege[] any constitutional violation." (Filing No. 8-7, Attach. 6, at CM/ECF pp. 1-2.) Lopez attempted to appeal the decision on the Post Conviction Motion, but his appeal was dismissed as untimely by the Nebraska Court of Appeals on July 15, 2008. (Filing No. 8-8, Attach. 7, at CM/ECF p. 2.) After denying Lopez's motion for rehearing, the Nebraska Court of Appeals issued the mandate to the Douglas County, Nebraska District Court on September 22, 2008. (*Id.*)

---

[1] On that same date, Lopez was sentenced to serve 20 to 48 months in prison on a separate matter, one count of felony operating during suspension. (Filing No. 8-2, Attach. 1, at CM/ECF p. 1.) While this matter was consolidated with the charges at issue here, the Petition does not relate to that conviction and sentence, and the court therefore does not address it.

Lopez timely filed his Petition in this court on October 6, 2008. (Filing No. 1.) Respondent thereafter filed its Motion for Summary Judgment, arguing that Lopez's Petition is unexhausted and procedurally defaulted. (Filing Nos. 9 and 10.) In opposition, Lopez argues he is entitled to equitable tolling, or alternatively, that the limitations period set forth in 28 U.S.C. § 2244(d)(1)(D) applies. (Filing Nos. 10 and 12.)

## II.  ANALYSIS

Respondent argues only that all of Lopez's claims are "entirely unexhausted and procedurally defaulted." (Filing No. 10 at CM/ECF p. 2.) While the court agrees that Lopez's claims are procedurally defaulted, the court finds that Lopez has shown cause for the default.

A.  Procedural Default/Exhaustion

As set forth in 28 U.S.C. § 2254(b)(1):

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the

> state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1. Under Nebraska state law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

Here, Petitioner did not invoke "one complete round" of the Nebraska appellate review process for any of his claims. Lopez voluntarily dismissed his direct appeal prior to briefing. Although Lopez arguably presented his claims in his Post Conviction Motion, his appeal of the district court's denial of those claims was not timely filed. (Filing No. 8-8,

4

Attach. 7, at CM/ECF p. 2.) Lopez has simply failed to present any of his claims to the Nebraska Court of Appeals or to the Nebraska Supreme Court. His claims are therefore unexhausted. Further, Lopez is now barred from doing so because he cannot submit a second motion for post conviction relief where, as here, the basis for relief was clearly available at the time of his first Post Conviction Motion. See Ortiz, 670 N.W.2d at 792. Therefore, all of Lopez's claims are procedurally defaulted.

B. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice.[2] Coleman v. Thompson, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, the Supreme Court has stated:

> "[C]ause" under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him: "[W[e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." . . . For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute cause under this standard."

Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Additionally, the Eighth Circuit has held that "nondelivery of a prisoner's timely and properly mailed" pleading may constitute cause to excuse a procedural default, provided that the

---

[2]Lopez does not argue that he is entitled to relief based on a "fundamental miscarriage of justice" or because he is actually innocent. Regardless, the court has independently reviewed the record in this matter and finds that the record does not support such claims.

5

nondelivery "was not the result of any want of attention on" the part of the petitioner. *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999).

Lopez argues that his procedural default should be excused because he filed a timely appeal of the denial of his Post Conviction Motion, but the Douglas County, Nebraska District Court did not timely process the appeal. (Filing No. 13 at CM/ECF pp. 1, 3.) Lopez filed a sworn Declaration in support of that contention. (Filing No. 16.) In his Declaration, Lopez states that he filed a timely notice of appeal of the denial of the Post Conviction Motion on April 22, 2008. (*Id.*) However, the Douglas County, Nebraska District Court erred in failing to timely process the notice of appeal. Although timely, the notice of appeal was therefore deemed untimely by the Nebraska Court of Appeals. (*Id.*) Respondent did not respond to, and therefore has not contested, Lopez's sworn statements that he timely filed a notice of appeal regarding his Post Conviction Motion. Viewing the facts most favorably to Lopez, the court finds that the Douglas County, Nebraska District Court's actions were entirely external to Lopez and that the untimely filing of the notice of appeal was not the result of "any want of attention" on Lopez's part. Thus, Lopez has shown adequate cause to excuse his procedural default.

However, in order to excuse the procedural default, Lopez must also show that he suffered actual prejudice. "To establish actual prejudice, [a petitioner] must show that the errors of which he complains 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy*, 173 F.3d at 1141 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The record before the court at this stage of the proceedings is insufficient for the court to analyze whether Lopez has suffered

6

actual prejudice.  Neither party has addressed the question of actual prejudice in their briefs and Respondent has not submitted adequate state court records regarding this issue.  Although Lopez has the burden to show actual prejudice, the court has prevented Lopez from filing any documents other than a brief.  (Filing No. 5 at CM/ECF p. 2.)  Thus, the court is reluctant to make a determination regarding prejudice without additional state court records and full briefing on the merits of the Petition.  In light of this, Respondent's Motion for Summary Judgment is denied without prejudice to reassertion as set forth below.

    IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 9) is denied;

2. Petitioner's Motion to Overrule Respondent's Motion for Summary Judgment (Filing No. 15) is granted, in accordance with this Memorandum and Order. Petitioner's Motion for Clarification (Filing No. 18) is denied as moot;

3. Respondent shall file an answer and separate brief no later than **May 22, 2009**. The following procedures shall then be followed by the parties:

    A. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    B. The answer shall be supported by all state court records which are relevant to the cognizable claims.  *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to

provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief; and

4. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 7th day of April, 2009.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge