**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JAMES E. LOPEZ,** | ) | **CASE NO. 8:08CV443** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion to Reconsider the court's Memorandum and Order denying Respondent's Motion for Summary Judgment (Filing No. 20), supporting Brief (Filing No. 21), and Designation of State Court Records in Support of the Motion and Brief (Filing No. 22). After careful review of the record, the court finds Respondent's Motion (Filing No. 20) should be denied.

The court denied Respondent's Motion for Summary Judgment because Petitioner showed adequate cause for the procedural default of his claims by submitting a sworn Declaration (Filing No. 16) that he filed a timely appeal of the denial of his Post Conviction Motion, but the Douglas County, Nebraska, District Court did not timely process the appeal. (Filing No. 19 at CM/ECF pp. 6-7.) At the time the court decided Respondent's Motion for Summary Judgment, Respondent had neither contested Petitioner's sworn statements, nor submitted adequate state court records to support its contention that Petitioner's claims are procedurally defaulted. (*Id.*) The court stated it could not determine whether Petitioner's procedural default should be excused without full briefing on the merits of the Petition and additional state court records. (*Id.*) Thus, it ordered Respondent to file an answer and brief addressing the merits of Petitioner's allegations and the procedural default of

Petitioner's claims. (*Id.*) Respondent elected to respond by asking the court to reconsider its finding that Petitioner had shown cause for the procedural default of his claims. (*See* Filing No. 21.)

To be clear, the court did not excuse Petitioner's procedural default when it denied Respondent's Motion for Summary Judgment, nor does it do so here. Rather, the court found it cannot properly determine whether Petitioner's procedural default should be excused "without additional state court records and full briefing on the merits of the Petition." (Filing No. 19 at CM/ECF p. 7.) Once again, as set forth below, the court finds that there are issues in this matter that cannot be resolved on a Motion for Summary Judgment. In particular, there are facts in dispute regarding whether Petitioner filed a timely appeal, and if so, whether he suffered prejudice based on the court's failure to timely process the appeal.

In order to perfect a timely appeal, Petitioner needed to file a Notice of Appeal by May 9, 2008. (*See* Filing No. 22-5, Attach. 4, at CM/ECF pp. 33-34.) Respondent has demonstrated that Petitioner's Notice of Appeal is file stamped June 3, 2008. (*Id.* at p. 1.) However, evidence in the record suggests the clerk may have been in possession of the notice an unknown number of days prior to it being file stamped. For example, the State Court Records contain an order signed by the district court judge on May 29, 2008, granting Petitioner's Post Conviction Motion to Proceed in Forma Pauperis and denying Petitioner's Post Conviction Motion for Appointment of Counsel. (*Id.* at p. 35.) According to the file stamp on these motions, the clerk did not receive the motions, or the Notice of Appeal, until June 3, 2008, which is several days after the court ruled on the motions. (*Id.*

at pp. 1-6.) In light of this, Respondent's Motion to Reconsider is denied without prejudice to reassertion as set forth below.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion to Reconsider is denied (Filing No. 20);

2. Respondent's Motion to Extend is denied as moot (Filing No. 23);

3. Respondent's Objection to Motion for Reconsideration is denied as moot (Filing No. 24);

4. Respondent shall file an answer and separate brief no later than **July 24, 2009**. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: July 24, 2009: deadline for Respondent to file answer and separate brief.

   A. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*;

   B. The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer;

   C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims;

    D.    No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court;

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief; and

5.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 24th day of June, 2009.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge